UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lenore Albert,<br><br>               Petitioner. | No. 2:24-mc-00117-KJM<br><br>ORDER<br><br>ADMINISTRATIVE MATTER |

The court ordered Lenore Albert to show cause why she should not be suspended or disbarred from practice in this court.  Ms. Albert has responded.  After reviewing the record and reviewing Ms. Albert's responses, the court **denies** Ms. Albert's request and **disbars** her from practice in this court.

## I.  BACKGROUND

Ms. Albert initiated a communication with the court following her "third discipline matter since she obtained her law license in December 2000."  *In the Matter of Albert*, No. 22-30348, 2024 WL 1231293, at *1 (Cal. Bar Ct. Mar. 11, 2024).  Earlier this year, a California state bar hearing judge found Ms. Albert culpable on five of six counts, and, on review, the Review Department of the State Bar of California found her culpable of all six counts. *Id.* (finding Ms. Albert culpable of moral turpitude in addition to the five counts found by the hearing judge, which included failure to comply with local rules, failure to comply with California law and

1    unauthorized practice of law).  On March 11, 2024, the Review Department ordered Ms. Albert

2    suspended effective March 14, 2024, pending disbarment.  *Id.* at 19–20.

3          On March 12, 2024, Ms. Albert filed a motion for an order to show cause in this court

4    regarding her notice of impending suspension and disbarment by the California State Bar.  *See*

5    Mot. Order Show Cause, *McMahon v. Whitney*, No. 23-1972 (E.D. Cal. Mar. 12, 2024), ECF No.

6    59.  The court interpreted the motion as being filed in the court generally as opposed to being

7    filed in *McMahon*, a case in which Ms. Albert is counsel for the plaintiff.  *See* Order Show Cause,

8    ECF No. 2.  The court subsequently opened this miscellaneous case regarding the attorney

9    admissions status of Ms. Albert.  The court granted Ms. Albert's request for an order to show

10   cause, as provided by the local rules, and directed Ms. Albert to show cause why she "should not

11   be suspended or disbarred from practice in this Court."  *Id.* at 1 (citing E.D. Cal. L.R. 184(b)).

12   Ms. Albert has filed three responses.  First Resp., ECF No. 5; Second Resp., ECF No. 5-1; Third

13   Resp., ECF No. 5-2.

14   **II.    LEGAL STANDARD**

15         "If an attorney's status so changes with respect to eligibility, the attorney shall forthwith

16   be suspended from practice before this Court without any order of Court until becoming eligible

17   to practice."  E.D. Cal. L.R. 184(b).  "Upon written motion to the Chief Judge, an attorney shall

18   be afforded an opportunity to show cause why the attorney should not be suspended or disbarred

19   from practice in this Court."  *Id.*  "[A] federal court's imposition of reciprocal discipline on a

20   member of its bar based on a state's disciplinary adjudication is proper unless an independent

21   review of the record reveals" at least one of the following conditions is met: "(1) a deprivation of

22   due process; (2) insufficient proof of misconduct; or (3) grave injustice which would result from

23   the imposition of such discipline."  *In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002) (citing *In re*

24   *Kramer* ("*Kramer III*"), 193 F.3d 1131, 1132 (9th Cir. 1999)); *see also Selling v. Radford*,

25   243 U.S. 46, 50–51 (1917).  Federal courts "extend great deference to the state [bar] court's

26   determination unless" the court independently determines one of the enumerated conditions

27   exists.  *Gadda v. Ashcroft*, 377 F.3d 934, 943 (9th Cir. 2004).  However, the court "must accord a

28   presumption of correctness to the state court factual findings."  *In re Rosenthal*, 854 F.2d 1187,

1188 (9th Cir. 1988) (per curiam).  It is the attorney's burden to demonstrate by "clear and convincing evidence" that one of the available conditions prevents a finding of reciprocal discipline.  *In re Kramer*, 282 F.3d at 724–25.

## III.   PAGE LIMITS

The court notes Ms. Albert has explicitly and intentionally not complied with the court's standing order, available on its web page, by significantly exceeding the court's page limits.  *See* Standing Order at 3[1]; First Resp. at i ("Ms. Albert understands that the Court limits page size to twenty pages, but Ms. Albert would not have a fair chance of laying out the reasons why she should not be suspended or disbarred from this Court."); Second Resp. at i (same); Third Resp. at i (same).  Rather than requesting leave to exceed the page limitations, Ms. Albert has simply assumed she could do so and filed three separate briefs, totaling 37 pages without the tables of contents, in response to the court's order to show cause.

"The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002).  This includes setting page limits on briefs and enforcing its orders.  *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (affirming district court's decision to strike an overlength brief).  As Ms. Albert acknowledges, this court has specific rules regarding the length and format of motion papers.  *See* Standing Order at 3  ("Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed twenty (20) pages.").  These page limits are not mere formalities.  They promote judicial economy and "encourage litigants to hone their arguments and to eliminate excessive verbiage."  *Fleming v. County of Kane*, 855 F.2d 496, 497 (7th Cir. 1988) (citation omitted); *see also N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997) ("[R]esources are limited.  In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief.  Hence we have briefing rules."); *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 766 (D. Ariz. 2012) ("Judicial economy and concise

---

[1] Chief Judge Kimberly J. Mueller, *Civil Standing Order*, https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5020/civil-standing-order.

1    argument are purposes of the page limit." (citation omitted)).  District courts have imposed

2    various sanctions for noncompliance with page limits, including disregarding noncompliant

3    briefs, striking only portions of the brief that exceed the page limit and imposing monetary

4    sanctions.  *See Snyder*, 913 F. Supp. 2d at 766 (collecting cases).  After receiving notice of her

5    suspension and pending disbarment, on multiple grounds including failure to comply with local

6    rules, Ms. Albert proceeded to flagrantly disregard an established rule of practice here.  Given the

7    gravity of the consequences Ms. Albert is facing, the court will nonetheless consider the merits of

8    her responses without striking or disregarding the responses in part or in full.  The court also

9    notes Ms. Albert has attached over a thousand pages to her briefs, without providing pinpoint

10   cites.  The court is under no obligation to comb this voluminous record to find what may be

11   helpful to Ms. Albert, if anything, but will take account of portions of the exhibits to the extent

12   they are obviously relevant and pertain to the State Bar Court record.  *See In re Kramer*, 282 F.3d

13   at 723; *see also, e.g., Orr v. Bank of America*, 285 F.3d 764, 775 (9th Cir. 2002) ("Judges need

14   not paw over the files without assistance from the parties." (internal marks and citation omitted)).

15   **IV.   DISCUSSION**

16          Before proceeding to the analysis of the *Selling* factors, the court briefly addresses two

17   arguments raised by Ms. Albert in her first response.  First, Ms. Albert argues suspension or

18   disbarment is not warranted by a local rules violation.  First Resp. at 5.  She argues the Ninth

19   Circuit has limited discipline for local rules violations to small sanctions.  But review of the State

20   Bar Court record makes clear her suspension pending disbarment was based not only on her

21   violation of the local rule, but on other bases such as unauthorized practice of law and moral

22   turpitude.  *See generally In the Matter of Albert*, 2024 WL 1231293.  Second, Ms. Albert argues

23   the state bar refused to consider legal precedent that prevents federal courts from automatically

24   suspending or disbarring an attorney based on a state court decision.  First Resp. at 8.  However,

25   the State Bar court specifically discussed the automatic suspension provision and noted the

26   procedure in this court's Local Rules to challenge automatic suspensions.  *See In the Matter of*

27   *Albert*, 2024 WL 121293, at *4 ("Suspended attorneys can challenge the automatic EDCA

28   suspension through the process detailed in EDCA L.R. 184(b), which requires the suspended

4

1    attorney to take the proactive step of filing a motion directed to the Chief Judge for the EDCA.").

2    The court finds neither of these arguments meritorious.

3         **A.    Due Process**

4         Although Ms. Albert claims she was deprived of due process, she has not demonstrated

5    such a deprivation.  To establish a violation, Ms. Albert must show by clear and convincing

6    evidence "that the state procedure, from want of notice or opportunity to be heard, was wanting in

7    due process." *Selling*, 243 U.S. at 51.  "The lawyer subject to discipline is entitled to procedural

8    due process, including notice and an opportunity to be heard." *Rosenthal v. Justs. of the Sup. Ct.

9    of Cal.*, 910 F.2d 561, 564 (9th Cir. 1990); *Rosenthal*, 854 F.2d at 1188.  Ms. Albert claims "she

10   was not informed that placing her State Bar Number . . . next to her name would be a form of

11   [unauthorized practice of law] (advertising/holding oneself out [as a lawyer])."  First Resp. at 13.

12   However, as the State Bar Court of California Review Department concluded, her use of her

13   "State Bar number[, her] signed pleadings as counsel of record, and her signature line [being

14   placed above that of the practicing attorney she was working with when she was suspended from

15   practice] . . . are all clear signals she held herself out as an attorney on the matter."  *In the Matter

16   of Albert*, 2024 WL 1231293, at *9; *see* Cal. Bus. & Prof. Code § 6126; *cf. Matter of Wyrick*, No.

17   88-10804, 1992 WL 70556, at *2–5 (Cal. Bar Ct. Apr. 6, 1992) (finding suspended attorney held

18   himself out to be an attorney by using "Member, State Bar of CA" and "Esq." to describe

19   himself).

20        Additionally, Ms. Albert appears to argue she was deprived of due process when the state

21   bar refused to consider her federal constitutional claim.  Resp. at 13–14.  The court is not

22   persuaded.  The case Ms. Albert seems to quote, for which she provides no citation, disproves her

23   argument and concludes that under the California Constitution, the State Bar Court is not able to

24   consider federal constitutional arguments.  *See* First Resp. at 13; *Albert v. Gonzalez*, No. 23-

25   00635, 2023 WL 8895708, at *6 (C.D. Cal. Oct. 6, 2023); *Hirsh v. Justs. of Sup. Ct.*, 67 F.3d 708,

26   713 (9th Cir. 1995) ("The California Constitution precludes the Bar Court from considering

27   federal constitutional claims." (citing Cal. Const. art. III, § 3.5)).  The State Bar did not deprive

28   Ms. Albert of due process when it did not consider her constitutional claims.

1    Moreover, Ms. Albert argues she did not have notice the State Bar would find she

2 committed unauthorized practice of law in federal court because the State Bar Act is meant to be

3 limited to state court practice.  *See* First Resp. at 17–19.  This argument is wholly without merit.

4 Compliance with the State Bar Act is required by this court's local rules, which require attorneys

5 practicing here to "comply with the standards of professional conduct required of members of the

6 State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of

7 the State Bar of California, and court decisions applicable thereto[.]"  E.D. Cal. L.R. 180(e); *see*

8 *Birbrower, Montalbano, Condon & Frank v. Superior Ct.*, 17 Cal. 4th 119, 130 (1998), *as*

9 *modified* (Feb. 25, 1998) (recognizing while "[t]he [State Bar] Act does not regulate practice

10 before Unite States courts[,]" several federal district courts "today condition[] admission to their

11 respective bars . . . on active membership and good standing in California State Bar").

12    The court is also unpersuaded by Ms. Albert's arguments regarding the timing of the State

13 Bar Court hearing, *see id.* at 14, the "[u]nfair[ness]" of the ruling on her request for judicial

14 notice, *see id.* at 14–16, and the purported lack of any basis for the Review Department's finding

15 of moral turpitude, *see id.* at 19–20.  Ms. Albert provides either no relevant legal authority or no

16 legal authority at all in support of these arguments.  She was heard on the merits by a hearing

17 officer and on appeal, and she has not shown by clear and convincing evidence that she was

18 deprived of due process.  *See, e.g.*, *In re Scannell*, 411 F. App'x 110, 112 (9th Cir. 2011).

19    **B.    Proof of Misconduct**

20    Ms. Albert contends there is insufficient proof of her misconduct.  For her to benefit from

21 this condition would require "that there was such an infirmity of proof as to facts found to have

22 established the want of fair private and professional character as to give rise to a clear conviction

23 on [the court's] part that [the court] could not, consistently with [the court's] duty, accept as final

24 the conclusion on that subject[.]"  *Selling*, 243 U.S. at 51.  Ms. Albert repeatedly mentions in

25 support of this argument a letter she received from the U.S. Supreme Court and a recent opinion

26 from the Ninth Circuit Bankruptcy Appeals Panel.  *See, e.g.*, Second Resp. at 1 (making

27 references without citation).  Though Ms. Albert claims the letter from the Supreme Court

28 "demonstrate[s] that any suspension or disbarment would be premature under the Rules," the

6

1    letter says nothing of the sort.  *See* Letter from U.S. Supreme Court Clerk, ECF No. 5-9.  Rather,

2    the letter acknowledges her notice of interim suspension and notes "Supreme Court Rule 8 does

3    not provide an avenue for [her] to seek the review of disbarment or disciplinary proceedings."  *Id.*

4    Nothing in the letter supports the argument that the State Bar's interim suspension is premature.

5    *See* First Resp. at 1; Second Resp. at 1.

6            Similarly, she vaguely states the Ninth Circuit Bankruptcy Appeals Panel "reversed

7    dismissal of Ms. Albert's claim that the State Bar violated her constitutional rights with such

8    disproportionate State Bar costs."  First Resp. at 1; Second Resp. at 1.  However, she omits the

9    critical detail that the opinion actually concluded "[t]he bankruptcy court properly dismissed

10   Albert's Eighth Amendment Claim for excessive fines against the State Bar," and the opinion

11   otherwise reversed dismissal of "Albert's claims under the California constitution" because the

12   bankruptcy court incorrectly determined there was no subject matter jurisdiction.  *See In re*

13   *Albert-Sheridan*, No. 18-01065, 658 B.R. 516, 527, 543. (B.A.P. 9th Cir. Apr. 2, 2024).  This

14   finding has no bearing on the merits of her claim or the relevant analysis here under *Selling*.

15   Moreover, the Bankruptcy Appeals Panel, in issuing the reversal on jurisdictional grounds, noted

16   "Albert's scattered pleading and ever-changing arguments have confused the jurisdictional

17   analysis," *id.* at 545, and the concurrence in that case concluded Ms. Albert's "briefing and oral

18   argument . . . were incompetent" and "[s]he richly deserved the suspension and other discipline

19   that the California Supreme Court imposed," *id.* at 550 (Farris, J., concurring).  The opinion in no

20   way supports Ms. Albert's argument that there was insufficient proof of misconduct.  Her

21   referencing it is of a piece with Ms. Albert's practice of making false and misleading statements

22   to the court.

23           Ms. Albert disputes the State Bar's conclusions that her notification of her second

24   suspension to this court was not "prompt," as required by the local rules.  Second Resp. at 2.  She

25   contends the lack of explicit statements by courts, judges and court staff that her notification of

26   her suspension was not "prompt" amounts to evidence that her notification was, in fact, "prompt."

27   *Id.* at 2.  Her argument is a logical fallacy, without any legal support.  *Id.* at 2-3.  Though there is

28   no clear deadline required by the "prompt" notice requirement in the Local Rules, Ms. Albert

1   waited more than six months before providing the court notice of her suspension.  *See In the*

2   *Matter of Albert*, 2024 WL 1231293, at *8.  As the Review Board explained in its opinion,

3   Ms. Albert even had "actual direct notice" of the relevant local rules and their requirements when

4   the opposing party in a case she was working on cited them in reference to her eligibility to

5   practice law, months before she notified the court.  *See id.*  Under no reasonable formulation

6   could the six months Ms. Albert waited before giving notice to the court qualify as "prompt."

7   The Review Department provided sufficient proof of her misconduct.

8        Ms. Albert contends, also without citation, there was insufficient evidence to support the

9   conclusion she was a "burden" on Judge McAuliffe and others in this court.  Second Resp. at 3.

10   The court construes this argument as pertaining to the Review Department's determination that

11   "limited weight in aggravation [was] warranted" under the aggravating factor regarding

12   "[s]ignificant harm to the client, the public, or the administration of justice."  *In the Matter of*

13   *Albert*, 2024 WL 1231293, at *14; *Matter of Reiss*, No. 09-10499, 2012 WL 5406816 (Cal. Bar

14   Ct. Oct. 3, 2012) (giving weight in aggravation for wasted judicial time and resources).  In

15   support of its determination, the Review Department pointed to the "wasted judicial time and

16   resources" that stemmed from Ms. Albert's inability to simply comply with this court's Local

17   Rules and appropriately provide notice of her suspension, which would have obviated the need

18   for the additional burdens placed on the court.  *Id.*  The court finds the Review Department relied

19   on sufficient proof.

20        Ms. Albert argues her appeals of her suspensions rendered the dates of her suspension

21   "speculative," potentially validating her conduct at the time.  Second Resp. at 4–5.  But her

22   pending appeal did not nullify the suspension imposed by the State Bar and does not detract from

23   the proof the Review Department determined established her culpability for her violations of the

24   suspension at the time.

25        Finally, Ms. Albert argues there was insufficient proof because she was listed on this

26   court's website as having active status.  *Id.* at 5; *In the Matter of Albert*, 2024 WL 1231293, at *6.

27   This argument is meritless.  As the Review Department pointed out, "[t]he only reason the EDCA

28   website showed Albert as active on February 12, 2021, is because Albert did not comply with

8

1   EDCA L.R. 184 and inform the EDCA of her suspensions." *In the Matter of Albert*,

2   2024 WL 1231293, at *12.

3        For these reasons, and upon an independent review of the record, the court finds there was

4   sufficient proof of misconduct to support Ms. Albert's suspension and disbarment.

5        **C.    Grave Injustice**

6        Ms. Albert argues grave injustice would result if the discipline imposed by the State Bar

7   were honored by this court. *See generally* Third Resp. She argues "reciprocal suspension or

8   disbarment would result in a manifest injustice because the practice of law is [her] sole source of

9   support." *Id.* at 1. She provides no legal authority to support this argument. She appears to

10  "confuse[] the painful repercussion from reciprocal discipline itself (i.e., disbarment) with the

11  legal standard of whether imposing reciprocal discipline would result in grave injustice because

12  the discipline was improperly imposed." *Matter of Dubin*, No. 20-00419, 2021 WL 4496948, at

13  *16 (D. Haw. Sept. 30, 2021) (alteration omitted). "Instead, [the court] inquire[s] only whether

14  the punishment imposed by another disciplinary authority or court was so ill-fitted to an

15  attorney's adjudicated misconduct that reciprocal disbarment would result in grave injustice*."*

16  *In re Kramer*, 282 F.3d at 727.

17       Ms. Albert's argument the disciplinary decision is retaliation for the lawsuit she brought

18  against the State Bar regarding a data breach is equally unconvincing. Ms. Albert identifies the

19  relevant date as her filing of the State Bar data breach putative class action on March 18, 2022,

20  after which she was the subject of State Bar disciplinary proceedings. But the State Bar's

21  disciplinary actions against her began in 2015, predating the data breach lawsuit, with additional

22  proceedings initiated virtually annually through the present.[2]

23       The court also is not persuaded by Ms. Albert's meandering argument that there was an

24  unjustifiable and unpredictable break in the law. *See* Third Resp. at 3–6. In making this

25  argument, Ms. Albert seems to request review of the merits of her case based on the underlying

26  acts and law. However, "[i]n reviewing a reciprocal disbarment, we do not re-try an attorney for

---

[2] Attorney Profile for Lenore LuAnn Albert, STATE BAR OF CALIFORNIA, https://apps.calbar.ca.gov/attorney/Licensee/Detail/210876.

1   misconduct." *In re Kramer*, 282 F.3d at 727.  As explained above, the court finds the Review

2   Department provided sufficient proof regarding Ms. Albert's misconduct.

3        The court is not convinced by Ms. Albert's arguments that grave injustice would occur if

4   she were suspended or disbarred in this court because "[t]he putative class action of the State Bar

5   data breach needs a home if the Central District cannot reopen the case," Third Resp. at 1, 7–9,

6   and "[h]er client Ryan McMahon cannot find other counsel due to the negative publicity and

7   cancel-culture in the current environment," *id.* at 1.  Assuming without deciding that

8   Mr. McMahon is unable to find other counsel, whatever the reason, that cannot provide a reason

9   for Ms. Albert's avoiding the consequences of her actions.

10       Ms. Albert has not shown by clear and convincing evidence that the third condition under

11  *Selling*, grave injustice, applies here to spare her from reciprocal disbarment.

12       **D.     Conclusion**

13       Ms. Albert has not shown any of the three conditions under *Selling* are satisfied to

14  preclude disbarment.  Ms. Albert is hereby **disbarred** from practice in the Eastern District of

15  California.

16       This order resolves ECF No. 5.

17       IT IS SO ORDERED.

18   DATED:  May 24, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE